JAMES WILSON *v.* E. E. G. WHEELER, F. C. HARRINGTON AND DANIEL WEBSTER.

*Discharge of surety.*

W. signed a note with and as surety for two others, and received from the payee the money for which the note was given, and retained it until one of the principals gave him a note against a third person for his indemnity in so signing, and he then paid it over to the principals. They afterwards made an arrangement with the holder of the note, by which he extended the time of its payment, without the consent of W. or of the person whose indemnifying note he held, and who claimed that thereby both he and W. were discharged. *Held,* that neither the circumstance of W.'s receiving the money, or his holding the indemnifying note prevented his availing himself, as a surety, of the extension of the time of payment as a discharge of his liability.

ASSUMPSIT on a note dated May 1st, 1854, for one hundred dollars, signed by the defendants, and payable to Daniel Mead or bearer, in one year from date, with interest annually. Plea, the general issue; trial by the court, December Term, 1856,— POLAND, J., presiding.

On trial the following facts appeared : The defendants, Wheeler & Harrington, published a newspaper in Charleston, and they made an arrangement with Mead, the payee of the note, to borrow of him one hundred dollars for one year, they agreeing to pay nine per cent. interest therefor, and to get the defendant Webster to sign as surety for them. The note was given accordingly, and the money was paid over to Webster to hold until the defendant Harrington should obtain a note from his mother to secure Webster for becoming surety on this note, and also for another hundred dollars that Webster agreed to let Wheeler & Harrington have. A note was thereupon executed by Mrs. Harrington to Webster for two hundred dollars, dated May 2, 1854, with four per cent. interest, and Webster executed a writing to Mrs. Harrington that if he did not have this note to pay he would give up one hundred dollars of said two hundred dollar note to her. The money was thereupon delivered to Wheeler & Harrington by Webster. Sometime in the fall of 1855, the note in suit having come into the plaintiff's hands, he called on the defendants to pay it. Webster told him that if he wanted the money he must sue the note.

Wheeler & Harrington thereupon negotiated with the plaintiff to give them further time, and an arrangement was finally made between them by which the plaintiff agreed to wait until the first day of May, 1856; and Wheeler & Harrington, in consideration of such delay, agreed to pay the plaintiff nine per cent. interest.

The plaintiff was a subscriber to the paper published by Wheeler & Harrington, and commenced taking the same in August prior to said last mentioned agreement, and, at the time of making said agreement for delay, Wheeler & Harrington told the plaintiff that the subscription for his paper might apply to pay the extra interest they had agreed to pay for the delay. On the 22d of March, 1856, the defendant Harrington executed and delivered to the plaintiff a receipt for one year's subscription for said paper, at two dollars, which the plaintiff received to apply on such extra interest. The plaintiff, in consequence of such agreement with Wheeler & Harrington, forbore to sue his note until the 5th day of June, 1856, when he commenced this action, and it appeared that his newspaper stopped about the same time. The plaintiff knew at the time he made said agreement for delay that Webster was a surety on said note, and said agreement was made without the knowledge or assent of Webster. It also appeared that Mrs. Harrington had given notice to Webster not to pay this note, claiming that he was released by the plaintiff's agreement for delay, and that thereby she was released from the payment of the one hundred dollars of her note given to secure Webster for signing this note, and that she should not pay the same.

Upon the above facts the court decided that the plaintiff was not entitled ·to recover against Webster, and rendered judgment for the plaintiff against Wheeler & Harrington, and judgment in favor of Webster, to which the plaintiff excepted.

——— *Kimball,* for the plaintiff.

Webster, having made himself a principal by receiving the money on the execution and delivery of the note to Mead, was never the surety of the other two; *Smith* v. *Steele's Est.,* 25 Vt. 427. The court in the above case express a doubt whether a surety, after being fully indemnified, can divest himself of his new

character of principal so as again to entitle himself to the advantages of a surety.

*J. E. Dickinson* and *J. L. Edwards*, for the defendant Webster.

I. The plaintiff, without the assent of the surety, made a binding contract with the principal, for a valuable consideration, to extend the time of payment of the debt. This, in law and in equity, discharges the surety, although the contract might not have been such as to prevent the plaintiff from sustaining an action on the debt before the enlarged time of payment had expired; *Austin* v. *Dorwin,* 21 Vt. 38; *Turrill* v. *Boynton & Flannagan,* 23 Vt. 142.

II. The security to Webster by way of Mrs. Harrington's note was conditional and of no avail unless Webster had to pay the note in suit. And not being bound by law to pay it, in consequence of the plaintiff's agreement with the principals to extend the time of payment, the case of *Smith* v. *the Estate of Steele,* 25 Vt. 427, is not an authority for the plaintiff. The case of *Peake* v. *Estate of Dorwin,* 25 Vt. 28, is an authority for the defendant Webster.

The opinion of the court was delivered by

REDFIELD, CH. J.　No question is made in regard to the binding character of the contract for delay of payment, or but the defense may be made available to one defendant under the statute, and not to the others.

The only question made is whether Webster is entitled to be treated as a surety.

While he held the money he clearly could not be allowed to claim the protection of the privileges of a surety, but after he gave it up to the principal defendants, he must be regarded the same as if he had never retained it, perhaps, and especially as this was a mere temporary arrangement, until the security first agreed could be procured.

The case must stand upon the effect of Mrs. Harrington's indemnity to Webster. And we think this is not to have the effect which money, or its equivalent deposited, would have. For

Wilson *v.* Wheeler et als.

Mrs. H. and Webster, taken together, are merely sureties, and the agreement among themselves that one shall indemnify the other, will not deprive them of any defense they could make without such agreement. Nor will the fact that Mrs. H. did not sign the note make any difference. We think they may insist the plaintiff released them by contracting with the principals to delay payment.

Judgment affirmed.